PER CURIAM.
Appellant, Anthony R. Martin-Trigona, was the sole stockholder and chief executive officer of WHET, Inc., the debtor in this bankruptcy proceeding. He appeals the bankruptcy court’s decision denying his petition to act as counsel for the debtor and, alternatively, to have the court appoint counsel for the debtor. Martin-Trigo-na’s basic argument is that the debtor’s interests are not being protected in this bankruptcy proceeding because it is not represented by counsel. The bankruptcy court disagreed, however, and we believe it was correct.
For one thing, Martin-Trigona’s premise that the debtor’s interests are not being protected in this case because it is not represented by counsel, is incorrect. A trustee has been appointed. He is a “representative of the estate,” 11 U.S.C. § 323, and as such he owes a fiduciary duty to debtor and creditors alike to act fairly and protect their interests. Citibank N.A. v. Andros, 666 F.2d 1192, 1194 (8th Cir.1981). In furthering this duty, the trustee from time to time has hired attorneys, for example, to represent him here in this case. Moreover, Martin-Trigona has apparently been allowed to participate in the bankruptcy proceedings and make his arguments to the bankruptcy court. Martin-Trigona has not shown either that he has been unfairly treated or that the trustee has not fairly protected the debtor’s interests.
For another thing, • the major case on which Martin-Trigona relies for the proposition that the bankruptcy court must allow him to represent the corporation holds no such thing. In that case, In re Holliday’s *71 Tax Service, Inc., 417 F.Supp. 182 (E.D.N.Y.1976), aff'd. mem., 614 F.2d 1287 (2d Cir.1979), the court made an exception allowing a major stockholder to represent the corporation because otherwise the bankrupt corporation would not have been represented adequately. Here, to the contrary, the corporation has had adequate representation. Further, the Holliday’s court specifically noted that lay representation there did not pose a “substantial threat of disruption.” 417 F.Supp. at 185. The bankruptcy court has noted in a related proceeding that Martin-Trigona’s “participation in the case to date has been marked by scandalous and abusive language in pleadings and in the courtroom.” In re: WHET, Inc., 33 B.R. 438, 441-42 (Bankr.Mass.1983).
Finally, Martin-Trigona has filed for personal bankruptcy in Connecticut, and a trustee has been appointed in that proceeding. Consequently, all of Martin-Trigona’s WHET stock is now the property of the estate. 11 U.S.C. § 541. Thus, the Connecticut trustee, not Mr. Martin-Trigona, is the party in interest who can ask the court to appoint counsel for the debtor. See In re: WHET, Inc., 33 B.R. at 440.
The judgment of the district court is

Affirmed.