In re James R. NUCKOLLS, Judy M. Nuckolls, t/a Jim's & Judy's Restaurant, Debtors.

James R. NUCKOLLS, et ux., Plaintiffs,

v.

DOMINION BANK OF the CUMBERLANDS, N.A., et al., Defendants.

Bankruptcy No. 7-83-00665-A.
Adv. No. 7-84-0056.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

Dec. 9, 1986.

Copeland, Molinary & Bieger, Abingdon, Va., for debtors.

Street, Street, Street, Scott & Bowman, Grundy, Va., for Dominion Bank.

Robert E. Wick, Jr., Bristol, Va., Trustee/defendant.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The issue before the Court is the Debtors' objection to the Trustee's proposed abandonment of personal property as a part of this estate.

The present controversy is one of a continuing series among the Debtors, Trustee, and Dominion Bank of the Cumberlands (Bank), creditor. The controversy first came before this Court upon a Complaint to avoid an alleged lien of the Bank upon restaurant fixtures and equipment owned by the Debtors and set apart in their Homestead Deed. This Court, by Opinion and Order dated June 20, 1984, held that the Bank failed to perfect their lien as against the Trustee as provided by *Va. Code Ann.* § 8.9–401(c). The Debtors, pursuant to 11 U.S.C. § 522, had the right to avoid the lien which impaired an exemption.

Upon appeal, the United States District Court for the Western District of Virginia (District Court) held that as between the Debtors and the Bank, the Bank was secured and the Debtors' right to avoid the lien was not available. Upon appeal, the United States Court of Appeals for the Fourth Circuit (Circuit Court) affirmed the District Court upon the issue of the Debtors' right to avoid the lien, which was a valid lien between the Bank and the Debtors but, nevertheless, invalid between the Bank and the Trustee. The Circuit Court reversed and remanded, however, for the purpose of determining whether or not the equipment was otherwise exempt as tools of trade. 780 F.2d 408 (4th Cir.1985).

This Court held further hearings upon the remand and determined that the equipment and fixtures were not tools of trade pursuant to the statutory provisions of the *Code of Virginia Annotated.* 63 B.R. 254 (Bankr.W.D.Va.1986). The Court held that as between the Trustee and the Bank, the property of the estate was free of liens against the Trustee and, since the property was not exempt to the Debtors, it was property of the estate which the Trustee should, and was directed to, liquidate and administer for the benefit of the estate. This decision is also now on appeal to the District Court.

Subsequent to this Court's later decision, now pending before the District Court, the Bank filed a motion to require the Trustee to abandon the property as property of the estate and, as a part thereof, the Trustee affirmatively proposed abandonment of the property on August 6, 1986. The Debtors filed a timely objection, thereby bringing on for hearing before the Court pursuant to *Federal Bankruptcy Rule* 6007, the issue of the proposed abandonment and objection thereto. A hearing was conducted to determine the issue.

The Trustee's abandonment proposal generally tracks the provisions of 11 U.S.C. § 554, stating that the fixtures and equipment were burdensome to administer and of inconsequential value to the estate. The record does not reflect evidence of value insofar as the issue is involved; however, the proposed application for abandonment by the Bank, in which the Trustee joined, asserts a value of $7,000.00, and this value is concurred in by the objection of the Debtors to the proposed abandonment. Accordingly, the Court must conclude that the property in question, which is free of lien as to the Trustee, is not of inconsequential value, but has an uncontraverted value, based on the Trustee's, Debtors', and creditor's pleadings, of $7,000.00. The Court finds and concludes that the property has a value that is not inconsequential and the administration of this property would not be burdensome.

It may be appropriate, perhaps helpful to Trustees, for the Court to set forth to some degree the position occupied by and duties of the Trustee in the administration of cases under the *Bankruptcy Reform Act*

*of 1978* (Code), as amended, since standing of the Debtors, to some degree, was challenged.

11 U.S.C. § 323(a) states that the Trustee is the representative of the estate. 11 U.S.C. § 704 defines the duties of a Trustee. The following duties of the Trustee in his capacity as representative of the estate are among those listed in § 704: the duty to collect and reduce to money the property of the estate, and to distribute funds from property of the estate over which he serves. The status of a Trustee under the *Code* is quite different from that of a Trustee under the prior *Bankruptcy Act of 1898* (Act), which essentially vested property in the Trustee, who was a representative, generally, of unsecured creditors. *See* Vol. 4, *Collier on Bankruptcy* (15th Ed.), § 704.01, *et seq.;* Vol. 1, *Norton Bankruptcy Law & Practice,* § 11.22, *et seq.*

Unlike § 70(a) of the *Act,* as amended, no provision is made in the *Code* for the vesting of title to property in the Trustee. 11 U.S.C. § 541 provides that the commencement of a case creates an estate consisting of virtually every interest in property of the debtor, legal or equitable, at the time the case is commenced. Under the *Act,* exempt property never came into the hands of the Trustee; however, under the *Code,* all property comes into the estate, including exempt property which must be set apart by the Court either by affirmative action or by operation of the rules governing procedure relating to this subject. *See Rule* 4003.

In *Commodity Futures Trading Commission v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372, 12 C.B.C.2d 651 (1985), the Supreme Court had occasion to outline the broad jurisdiction and authority of a Trustee. The items mentioned as within the Trustee's power are varied and his authority is all-encompassing. The Court stated that the Trustee's fiduciary responsibility and duty runs to all interested parties and that the powers and duties of the Trustee are extensive. The Court further states that the fiduciary duty of the Trustee runs not only to creditors and other parties in interest, but to shareholders of a corporation and, as here, individual debtors.

An excellent statement of the Trustee's duties is ably set forth in *Collier's Handbook for Trustees and Debtors in Possession,* § 4.02 (L. King ed. 1982), as follows:

"Section 323(a) provides that the trustee is the representative of the estate. This means that the trustee is a fiduciary to serve and protect the financial interests of all groups who have some claim upon the estate. The trustee is a fiduciary to protect the interests of all the classes of creditors including wage creditors, tax creditors, creditors holding secured claims, and creditors holding unsecured claims. *The trustee is a fiduciary for the debtor to protect the debtor's rights in exempt property and to the extent that the estate is solvent, to protect the debtor's rights to the surplus of the estate.* The trustee is a fiduciary, to the extent that reorganization value exists, for all equity security holders of an estate and to the debtor itself.

This concept of an estate and the trustee as representative of the estate, who serves no interest adverse to any group involved in the case, is similar to the concept of a trustee under Chapter X of the former Bankruptcy Act. This concept is extended to all chapters of the Code and reverses those cases under the former Bankruptcy Act which held that the trustee in bankruptcy was the representative of unsecured creditors only. Therefore, the trustee under the Code has a duty to insure property encumbered by liens, not only for the benefit of the unsecured creditors, but also for the benefit of the lienholders whose property the trustee possesses and controls. The trustee has an ongoing duty to administer and manage the estate so that its value is maximized to the end that credi-

tors receive the greatest possible return and the debtor receives a surplus, if at all possible." (emphasis added)

The fiduciary responsibility of the Trustee to a debtor not only applies to the debtor's right to exempt property, but also to the debtor's interest in his "fresh start" efforts. The Trustee has a fiduciary duty to administer the assets, to disburse the funds to priority creditors pursuant to 11 U.S.C. § 507, and to pay administrative expenses which may include attorney's fee to counsel for the debtor. The payment of priority claims may well result in payment, as a priority item from funds in the hands of the Trustee, of tax liabilities and other items which otherwise may remain nondischargeable and thereby impairing the "fresh start". To the extent that such nondischargeable liabilities remain unpaid as a liability of a debtor, the "fresh start" efforts which the *Code* gives to debtors whose cases are administered in this Court are hampered. *See Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Report of the Commission on the Bankruptcy Laws*, H.R. Doc. No. 93–137, 93rd Cong., 1st Sess. Part I 71 (1973); 3 *Collier on Bankruptcy*, § 525 (15th Ed.1986); 1 *Norton Bankr. L. & Prac.*, § 27.01 (1981).

The foregoing represents only a few areas in which the Trustee, as fiduciary, owes responsibility to the debtor, in addition to secured and unsecured creditors and other parties in interest.

This Court having heretofore held, in its decision dated June 16, 1986 now on appeal, that the property is unencumbered property of the estate and should be administered by the Trustee, and which Order directed the Trustee to administer same should be, and is hereby reaffirmed, and the Trustee's proposed abandonment of said assets should be denied. An Order accordingly will be entered.