# Applicability of Conflict of Interest Laws to Current and Former Executive Branch Employees Serving as Trustees in Bankruptcy Cases

Sections 203 and 205 of title 18 do not prohibit current executive branch employees from serving as bankruptcy trustees, if the United States is not a party to and lacks a "direct and substantial interest" in the particular bankruptcy proceeding. Otherwise, the sections bar current employees, except for United States Trustees and their employees, from serving as trustees in bankruptcy.

Subsections (a) and (b) of 18 U.S.C. § 207 do not prohibit former executive branch employees from serving as trustees, if the United States is not a party to and does not have a "direct and substantial interest" in the particular bankruptcy proceeding. Where the United States has such an interest, the subsections would prohibit a former executive branch employee from serving as a trustee in matters with respect to which he participated, or which fell under his supervision, while he was in government service.

The narrow class of former high-level executive officials covered by 18 U.S.C. § 207(c) may not serve as trustees where the matter involved is one pending before the official's former agency or is one in which that agency has a "direct and substantial interest."

June 7, 1990

MEMORANDUM OPINION FOR THE ACTING DIRECTOR
OFFICE OF GOVERNMENT ETHICS

This memorandum responds to your predecessor's request for our opinion on the applicability of the federal conflict of interest laws to current and former executive branch employees who serve as trustees in bankruptcy cases.[1] The restrictions of 18 U.S.C. §§ 203, 205, and 207 — the conflict of interest provisions that prompted this inquiry[2] — limit the representational activities of current and former executive branch employees.

---

[1] See Letter for Charles J Cooper, Assistant Attorney General, Office of Legal Counsel, from Frank Q. Nebeker, Director, Office of Government Ethics (Feb. 23, 1988).

[2] Since the time of that inquiry, Congress has enacted minor modifications to the relevant portions of sections 203 and 205. See Ethics Reform Act of 1989, Pub. L. No. 101-194, §§ 402 & 404, 103 Stat. 1716, 1748, 1750. We have based our analysis upon the text currently in force.

For the reasons set forth below, we conclude that the limitations upon current employees in 18 U.S.C. §§ 203 and 205 do not prohibit such persons from serving as trustees where the United States lacks a substantial interest in the particular bankruptcy proceeding. In cases where the United States does have such an interest, sections 203 and 205 do not prohibit United States Trustees or subordinates acting under their authority from acting as trustees; all other current employees, however, would be barred from serving as trustees. Pursuant to 18 U.S.C. § 207, former executive branch employees generally may serve as trustees unless the United States has a substantial interest in the particular bankruptcy proceeding.[3]

## I. Background

The trustee in a federal bankruptcy case represents the estate as a whole, rather than the interest of any particular claimant upon the estate. *See* 11 U.S.C. § 323(a). *See also Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988), *cert. denied*, 489 U.S. 1079 (1989); *In re Dominelli*, 820 F.2d 313, 316 (9th Cir. 1987). In this capacity, the trustee acts as

> a fiduciary to serve and protect the financial interests of all groups who have some claim upon the estate. The trustee is a fiduciary to protect the interests of all the classes of creditors including wage creditors, tax creditors, creditors holding secured claims, and creditors holding unsecured claims. *The trustee is a fiduciary for the debtor to protect the debtor's rights in exempt property and to the extent that the estate is solvent, to protect the debtor's rights to the surplus of the estate.* The trustee is a fiduciary, to the extent that reorganization value exists, for all equity security holders of an estate and to the debtor itself.

*In re Nuckolls*, 67 B.R. 855, 857 (Bankr. W.D. Va. 1986) (quoting *Collier's Handbook for Trustees and Debtors in Possession*, § 4.02 (L. King Ed. 1982) (emphasis added by court)). *Accord Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985); *In re WHET, Inc.*, 750 F.2d 149 (1st Cir. 1984).[4]

The bankruptcy laws provide four methods for selection of a trustee. *See generally Cowans Bankruptcy Law & Practice*, §§ 2.4 & 2.10 (1989).

---

[3] A somewhat more complicated set of principles governs the class of former high-level executive branch employees whose activities are subject to 18 U.S.C. § 207(c). *See infra* pp. 125-26 .

[4] The trustee is deemed to be an officer of the bankruptcy court, *see, e.g., In re Beck Indus., Inc.*, 725 F.2d 880, 888 (2d Cir. 1984) (citing *King v. United States*, 379 U.S. 329, 337 n.7 (1964)), and the court may remove him for cause, 11 U.S.C. § 324(a).

He may be elected by the creditors of the estate. 11 U.S.C. § 702. He may be appointed by the bankruptcy court. *Id.* § 1104(a). He may be appointed by the United States Trustee from a panel of "private trustees" selected and overseen by the United States Trustee. 28 U.S.C. § 586(a)(1) & (3); 11 U.S.C. § 701(a)(1). Finally, the United States Trustee may serve as a trustee, 28 U.S.C. § 586(a)(2), 11 U.S.C. § 701(a)(2), as may his employees, 28 U.S.C. § 586(b).

## II. Analysis

The conflict of interest laws distinguish between the activities of current executive branch employees and those of former employees.

### A. Current Federal Employees

Section 205 of title 18 imposes criminal sanctions upon current federal employees who, "*other[ ] than in the proper discharge of [their] official duties,*" act as "agent[s] or attorney[s] for anyone before any . . . court" in connection with any matter "in which the United States *is a party or has a direct and substantial interest.*" (Emphases added.) All bankruptcy trustees serve as fiduciaries of the estate as a whole before the bankruptcy court and, hence, clearly would come within the meaning of "agent[s]" in section 205.

Similarly, section 203(a) of title 18 imposes criminal sanctions upon current federal employees who, "otherwise than as provided by law for the proper discharge of official duties . . . demand[], seek[], receive[], accept[], or agree[] to receive or accept any compensation for any representational services, as agent or attorney or otherwise, rendered or to be rendered" in relation to any proceeding "in which the United States is a party or has a direct and substantial interest, before any . . . court." The activities of an employee acting as a trustee would implicate section 203, because trustees — other than United States Trustees and their employees[5] — receive compensation for their services from the court-supervised distribution of assets in the estate. *See* 11 U.S.C. § 326.

The activities of a current federal employee as trustee will fall outside the scope of sections 203 and 205 in two instances. First, sections 203 and 205 are inapplicable where the United States is not a party to and does not have a "direct and substantial interest" in the bankruptcy proceeding in question.[6] The determination of whether these two conditions obtain in a particular bankruptcy proceeding will turn upon a fact-specific inquiry. Whether the

---

[5] On the applicability of both sections 203 and 205 to such officials, *see infra* p. 124.

[6] In the event that sections 203 and 205 are inapplicable for this reason, there are also restrictions upon outside employment and income for a limited class of high-level executive employees who are not career civil servants and "whose rate of basic pay is equal to or greater than the annual rate of basic pay in effect for grade GS-16 of the General Schedule." *See* Ethics Reform Act of 1989, Pub. L. No. 101-194, § 601, 103 Stat. 1716, 1760-62 (adding 5 U.S.C app. §§ 501-502).

United States is a creditor of the estate or otherwise has a "direct and substantial interest" in the bankruptcy proceeding from the standpoint of tax liability are merely two examples of the considerations that may come into play.

Second, sections 203 and 205 are inapplicable where a current federal employee is engaged in "the proper discharge of official duties" in his capacity as trustee. This language permits a United States Trustee and his subordinates to serve as trustees in bankruptcy. The United States Trustee is an officer of the Department of Justice[7] and is expressly authorized to "serve as and perform the duties of a trustee in a case under title 11 when required under title 11 to serve as trustee in such a case." 28 U.S.C. § 586(a)(2). Thus, when a United States Trustee or an employee acting under his authority serves as a trustee pursuant to 28 U.S.C. § 586(a)(2), such representational activities constitute "official duties" under the statute and, hence, fall outside of sections 203 and 205.

Conversely, when the trustee is either (1) an individual drawn from the panel of private trustees by the United States Trustee or (2) an individual selected by the court or by the creditors, he does not perform official government duties; instead, he acts solely in the fiduciary capacity of trustee on behalf of a private estate. Given the multitude of potentially competing interests to which a trustee owes a fiduciary duty, we believe that a trustee who is not a United States Trustee or an employee acting under his authority cannot be said to be performing official duties, even when the United States happens to be among the creditors of the estate. Under such circumstances, the trustee must be viewed as "a representative of the estate, not an officer, agent, or instrumentality of the United States." *In re Hughes Drilling Co.*, 75 B.R. 196, 197 (Bankr. W.D. Okla. 1987).

These conclusions are consistent with advice we provided in 1977, in which we noted that Congress intended sections 203 and 205 to guard against the risk that federal employees might ally themselves with private interests in matters of concern to the Government. *See* 1 Op. O.L.C. 110, 111 (1977).[8] In light of this purpose, we concluded that neither section 203 nor section 205 prohibits an Assistant United States Attorney from temporarily exchanging duties with an Assistant Federal Public Defender: "Instead of acting as private individuals or affiliates of a nongovernmental organization, participating Assistant U.S. Attorneys would be assigned by th[e] Department [of Justice] to the Public Defender Office, *another Federal Government agency*, and would perform the official duties of that organization under its supervision." *Id.* (emphasis added).[9] By contrast, we noted that our analysis would

---

[7] The Attorney General has authority both to appoint and to remove United States Trustees. 28 U.S.C. § 581(a) & (c). In addition, the Attorney General supervises and provides assistance to United States Trustees. *Id.* § 586(c).

[8] The versions of section 203 and 205 then in force were virtually identical, in relevant part, to the current provisions.

[9] Attorneys employed by a Federal public defender organization are officers of the judicial branch. *See* 18 U.S.C. § 3006A(g)(2)(A).

not apply "to the assignment of Department of Justice attorneys to a *private legal services organization.*" *Id.* at 111 n.4 (emphasis added).

Thus, under our 1977 opinion, United States Trustees and their employees who serve as trustees would not be subject to sections 203 and 205 because they would be performing their official duties required by statute. In contrast, other current federal employees who serve as trustees would not be performing official duties in that capacity absent express statutory authorization such as is found in the United States Trustee statute. Moreover, it cannot be said that such employees, when serving as trustees, are performing duties of some other federal agency empowered to undertake trustee activities. Rather, current federal employees who serve as trustees act solely as fiduciaries for private estates and, as such, are analogous to the government attorneys acting on behalf of private legal service organizations whom we noted would run afoul of sections 203 and 205.

## B. Former Federal Employees

Section 207 of title 18 governs the representational activities of former executive branch employees. Under subsection (a) of section 207, a former executive employee may not "make[] any oral or written communication on behalf of any other person (except the United States) to . . . any department, agency, [or] court . . . of the United States" in connection with any matter "*in which the United States . . . is a party or has a direct and substantial interest*" and in which the employee "participated personally and substantially" during his government service. (Emphasis added.) Similarly, subsection (b) bars a former executive branch employee for two years from acting as "agent or attorney for . . . any other person (except the United States)" in connection with any matter "in which the United States . . . is a party or has a direct and substantial interest" and which was either "pending under [the employee's] official responsibility" within one year prior to his departure from the Government or in which the employee "participated personally and substantially."

Given that a trustee in bankruptcy would act as the fiduciary of an entity other than the United States, subsections (a) and (b) would prohibit a former executive branch employee from serving as a trustee in matters that were under his supervision or with respect to which the employee participated while in government service, unless the particular bankruptcy proceeding is one in which the United States is not a party and lacks a "direct and substantial interest." Again, the determination of whether the United States has such an interest will turn upon the facts of the particular case.

Finally, subsection (c) of section 207 forbids certain high-level executive branch officials for one year from communicating with their former departments or agencies on behalf of anyone other than the United States in any matter "pending before such department or agency *or* in which such department

125

or agency has a direct and substantial interest." (Emphasis added.) As noted above, we believe that a former employee acting as trustee does act on behalf of parties other than the United States. Thus, such an employee would be prohibited from acting as trustee for one year in any matter in which his former department or agency has a "direct and substantial interest" or which is currently pending before that department or agency.

## III. Conclusion

We conclude that:

(1) Sections 203 and 205 of title 18 do not prohibit current executive branch employees from serving as bankruptcy trustees, if the United States is not a party to and lacks a "direct and substantial interest" in the particular bankruptcy proceeding. Otherwise, sections 203 and 205 bar current employees, except for United States Trustees and their employees, from serving as trustees in bankruptcy.

(2) Subsections (a) and (b) of 18 U.S.C. § 207 do not prohibit former executive branch employees from serving as trustees if the United States is not a party to and does not have a "direct and substantial interest" in the particular bankruptcy proceeding. Where the United States has such an interest, however, section 207(a) and (b) would prohibit a former executive branch employee from serving as a trustee in matters with respect to which he participated, or which fell under his supervision, while he was in government service. With respect to the narrow class of former high-level executive officials within subsection (c) of 18 U.S.C. § 207, such persons may not serve as trustees where the matter involved is one pending before the official's former agency or is one in which that agency has a "direct and substantial interest."

LYNDA GUILD SIMPSON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*