**In re Todd Dwight DAVIDSON, Debtor.**

No. 02–16819–AJM–7A.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

March 9, 2009.

Gregory Silver, Chapter 7 Trustee.

Wayne Adams, III, for Citizens Gas.

Ron Waicukauski, for the Debtor.

Nancy J. Gargula, United States Trustee.

### ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE AND SETTLE

ANTHONY J. METZ III, Bankruptcy Judge.

This matter came before the Court for hearing on February 19, 2009 upon the Trustee's Motion to Compromise and Settle (the "Motion") and the Debtor's objection to the Motion. For the reasons stated below, the Court overrules the Debtor's objection and GRANTS the Motion.

### *Background*

Debtor Todd Davidson ("Davidson"), an African American, was employed by Citizens Gas ("Citizens") as an electrician in its manufacturing division. In August, 2001, Davidson applied for a job as a gas service specialist within Citizen's gas division. At that time, Citizens was using a baseline test known as the work competency assessment or "WCA" to screen not only new applicants but also employees who "bid" on a job in a different division. Davidson took the WCA and was notified on September 11, 2001 that he failed. Davidson was not hired for the gas specialist position. Instead, Citizens filled the positions with a Caucasian male already employed in the gas division (which gave him automatic seniority over any applicants from other divisions) and an African American male who passed the WCA and who worked in the manufacturing division.

Davidson on July 1, 2002 filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Less than three months later on September 25, 2002, Davidson filed a voluntary chapter 7 bankruptcy case. Davidson failed to list his discrimination claim in his schedules and statement of financial affairs. The chapter 7 trustee, Gregory Silver (the "Trustee") asked the Debtor if he had any pending claims on his behalf in

Davidson's § 341 meeting to which Davidson testified under oath he had none. The Trustee declared Davidson's case a "no asset" case, Davidson received a chapter 7 discharge of his debts on January 28, 2003 and the case was closed.

Meanwhile, Davidson's discrimination charge apparently got a blessing in the form of a "right to sue" letter from the EEOC because, on December 5, 2003, Davidson and seven other Citizens employees (collectively, the "Plaintiffs") filed their complaint in District Court alleging disparate impact and treatment under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, as well as a discrimination under 42 U.S.C. § 1981 (the "District Court Case"). The Plaintiffs sought back pay, retroactive seniority, and injunctive relief.[1] Citizens in an interrogatory asked the Plaintiffs in the District Court Case whether any of them had filed for personal bankruptcy since June 12, 2002. Davidson, without waiving his objection that the interrogatory was outside the scope of re-opened discovery, responded in the negative.

On January 18, 2007, the District Court granted Plaintiffs' motion for summary judgment as to their "disparate impact" claims. A trial on damages was scheduled for late November, 2007. The week before trial, Citizens discovered and notified the District Court that Davidson had filed bankruptcy after June 12, 2002, contrary to his interrogatory response. Citizens moved to dismiss Davidson's claims on the basis that Davidson was judicially es-

topped from asserting them since he denied having them in the bankruptcy case. The District Court did not dismiss the claims, but did determine that Davidson was judicially estopped from recovering an amount more than the aggregate of creditors' claims with interest and the fees incurred in the bankruptcy case by the Trustee. The District Court found that "[t]here can be no doubt that Mr. Davidson was aware of his claims against Citizens Gas when he filed his petition for bankruptcy protection, having filed his EEOC charge only slightly less than three months before". *Wiggins, et al. v. Citizens Gas & Coke Utility,* No. 03–cv–1882, 2008 WL 4530679, at *2–3 (S.D.Ind., Oct. 7, 2008). As to Davidson's defense that the omission was inadvertent, the District Court surmised that Davidson's "failure to disclose them in his bankruptcy proceeding cannot be seen as inadvertent. His false response in answer to an interrogatory denying his filing of a personal bankruptcy after June 12, 2002, in the instant litigation reinforces our finding of a motive, as well as an effort, to conseal (sic)". *Id.* at *3–4. By that point, the bankruptcy court had reopened Davidson's bankruptcy case and the Trustee had been substituted as the real party in interest to pursue Davidson's monetary and non monetary claims against Citizens.[2]

Following Judge Barker's ruling, the Trustee and Citizens reached an agreement to settle all of Davidson's claims against Citizens for the sum of $7705.56, the aggregate of creditors' claims with in-

1. As of 2006, Citizens was no longer using the WCA, and therefore, Davidson's request for injunctive relief is moot.

2. The Trustee moved to be substituted as the real party in interest as to Davidson's monetary claim only, which was Davidson's claim for back pay. In addition to the back-pay claim, Davidson's non-monetary claims were for injunctive relief and for retroactive seniority. Judge Barker's order of April 9, 2008

found that "Davidson's claims for back-pay, injunctive relief and retroactive seniority are intertwined to such a degree that it is impractical and unfair to separate them between him and the estate. The trustee shall be substituted for the entirety of Davidson's claim as a Plaintiff and real party in interest". *Wiggins, et al. v. Citizens Gas & Coke Utility,* No. 03–cv–1882, 2008 WL 1701879, *1 (S.D.Ind., April 9, 2008)

terest and the Trustee's fees incurred in the bankruptcy case. The Trustee filed the Motion in Davidson's bankruptcy case on November 20, 2008 to which Davidson objected on the basis that the settlement was inadequate as it did not provide for retroactive seniority.

### Discussion

■■■ A court has broad discretion in approving a settlement entered into by a trustee under Fed. R. Bankr.Pro. 9019(a). On the motion of the trustee, and after notice to creditors and a hearing, the Court may approve the settlement if it is in the "best interests of the estate" and if it is "fair and equitable". *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968); *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir.1987); *In re Depoister*, 36 F.3d 582, 585–586 (7th Cir.1994). "Fair and equitable" means that the "settlement reasonably accords with the competing interests' relative priorities". *American Reserve*, at 162. Although the trustee presumably acts in the bests interests of creditors, the court does not merely "rubber stamp" the trustee's proposal but makes an informed and independent judgment about the settlement. *Id.* In so doing, the Court compares the "settlement's terms with the litigation's probable costs and probable benefits" which involves consideration of "the litigation's probability of success, the litigation's complexity, the litigation's attendant expense, inconvenience, and delay including the possibility that disapproving the settlement will cause wasting of assets" *Id.* at 161. Creditors' objections are considered, but not controlling. *Id.*

### Probability of Success

■■■ Unlike the case of Eugene Smith, a co-plaintiff in the District Court Case,[3] Davidson's monetary recovery in District Court, if successful, has been determined. Judge Barker has capped Davidson's damages in an amount equal to the claims filed in his bankruptcy case, accrued interests on those claims, and trustee's fees incurred in the case. Those damages amount to $7705.56, precisely the amount of the settlement proposed by the Trustee. So, even if Davidson is successful on his back pay claim in District Court, he cannot recover any more than what the Trustee's settlement already proposes. The back pay claim is not the sticking point here, because Davidson cannot argue that continued litigation would result in greater recovery. Davidson's sole objection at this point is that the settlement is not "fair and equitable" because it fails to provide for retroactive seniority.[4]

---

**3.** Smith filed a chapter 7 bankruptcy in September, 2002, about a month after he filed his discrimination charge with the EEOC. Like Davidson, he failed to disclose the claim in his schedules. His case was declared a no asset case, his debts were discharged, and his case was closed. His chapter 7 case was later reopened to administer the claim against Citizens. Citizens, however, did not move in District Court to dismiss Smith's on the basis of judicial estoppel so the District Court did not "cap" Smith's monetary recovery. Rather, Citizens and the chapter 7 trustee (who had been substituted as the real party in interest) entered into a settlement for $27,700 which would pay all of allowed claims in Smith's chapter 7 case along with the chapter 7 trustee's statutory fee. That settlement was approved by the bankruptcy court over Smith's objection on September 10, 2008. *In re Smith*, No. 02–16450–JKC–7A, 2008 WL 4276171 (Bankr.S.D.Ind., Sept. 10, 2008).

**4.** Presumably, provision of retroactive seniority would give Davidson a boost in seniority, and seniority figures prominently in Citizens' hiring process, giving Davidson an edge when applying for other jobs at Citizens. However, it would be impossible to place a monetary value on what the retroactive seniority claim would be worth in terms of dollars since any valuation would be speculative, having to take into account hypothetical factors such as which jobs might come open in the future,

Davidson's non monetary retroactive seniority claim for relief is uniquely personal to him and he is the only party that benefits from its success. This puts the Court in the curious position of measuring the probability of success of a claim that will never inure to the benefit of the creditors of this bankruptcy estate [5] Davidson argues that his interests also are part of "the estate" and directs the Court to *In re Kay,* 223 B.R. 816 (Bankr.M.D.Fla.1998) for the proposition that a settlement will not be approved if its terms are unfair to the debtor. However, the court in *Kay* denied approval of the settlement on the basis that it was not "fair and equitable" because it provided for a secured claim to a creditor whose lien had been determined to be invalid. Even *Kay* acknowledged that "... [t]he Trustee's duties to the Debtor are not on the same plateau as estate creditors, even though there are mutual obligations to estate creditors and the Chapter 7 Debtor". *Id* at 821. See also, *In re Davis,* 899 F.2d 1136, 1143 n. 15 (11th Cir.1990) ("[t]he bankruptcy trustee does not represent the interests of the debtor alone; rather he owes a complex set of obligations and fiduciary duties to the court, the debtor ... and, most importantly, *the creditor")* (emphasis added; citations omitted).

Discussion of the trustee's duties to Davidson aside, the Court finds that there is little probability that the District Court would award Davidson the equitable relief of retroactive seniority. Wayne Adams, III, Citizens' counsel in the District Court case, testified that Citizens considered three factors in filling the gas service specialist positions: (1) WCA results; (2) seniority and (3) qualifications for that particular job. The qualifications for the gas service specialist job were contained in the August, 2001 job posting. Even absent the WCA, Davidson would not have been selected. The Caucasian male who was awarded one of the positions was employed in the gas division which afforded him automatic seniority. The African American who was awarded the other position had passed the WCA, but both he and the Caucasian male met the job's qualifications.

Davidson's Exhibit A admitted into evidence at the hearing contained the job posting and listed 19 qualifications required for the job. Adams testified that Davidson admitted in a deposition that he did not meet all of the 19 criteria set forth in the job description. Adams further testified that Davidson was not even the next in line to be hired for the gas specialist job. Another employee who possessed the requisite qualifications had also applied for the gas specialist positions and would have been hired before Davidson. The Court asked Adams that, if a pool of thirty (30) people applied for the gas service specialist job and all passed the WCA but none met the posted qualifications, would any of the 30 applicants be hired. Adams answered "no". Thus, it is probable that the District Court would not award retroactive seniority relief to Davidson given that by his own admission, he did not meet all of the qualifications for the gas service specialist job.

Besides not possessing the requisite qualifications for the position, Davidson also faces the problem of failing to disclose his claim against Citizens on two occasions in his bankruptcy case and providing a

---

who might apply for them, Davidson's chances for being selected for the position, and how much the job would pay.

**5.** Upon inquiry by the Court, Davidson's counsel acknowledged that "nothing more" could come to the creditors if the case were tried than what is currently contained in the settlement.

false answer to an interrogatory in the District Court Case. Granting retroactive seniority is equitable relief and "he who comes into equity must come with clean hands". Judge Barker concluded in her October 7, 2008 summary judgment entry that Davidson's failure to list his claims and his failure to disclose them at his § 341 meeting of creditors was not inadvertent. She found that Davidson gave a false response to the interrogatory about whether he filed bankruptcy after June 12, 2002. She further concluded that Davidson had the motive to conceal his claims. She found unavailing his subsequent "cure" by reopening his case to amend his bankruptcy schedules four years later, after Citizens discovered the bankruptcy filing. Given Davidson's "unclean hands", the Court finds that awarding Davidson the equitable relief of retroactive seniority is far from assured, since it was Davidson's inequitable conduct that led to the District Court capping his monetary recovery in the first place. Thus, the Court concludes that Davidson has little probability of success in obtaining such relief in District Court.

### Complexity and Expense

The District Court has already determined that the WCA had a disparate impact on Citizens' African American employees. However, with respect to Davidson's case, proof would still be required regarding the issues of seniority, qualifications and monetary damages, even though Davidson's monetary damages have been capped. A finding of liability on the disparate impact claim does not guarantee Davidson's success regarding Davidson's claims concerning monetary damages and retroactive seniority. Continued litigation would incur additional, and perhaps significant, attorney fees and there could be considerable delay in getting the case to trial.

### Effect of Disapproving the Settlement

Both Adams and Robert J. Hummel, Vice President of Human Resources at Citizens, testified that Citizens would withdraw the settlement offer if the settlement were not approved. The Court must weigh the merits of a settlement that provides 100% payment of creditors' claims, with interest, as well as the trustee's administrative fees against continued litigation that could not lead to any greater recovery for Davidson's creditors and very likely could result in no retroactive seniority for Davidson and *no* monetary recovery for Davidson's creditors. No creditor has objected to the Trustee's settlement. The only objector is the debtor, Davidson, who holds out for recovery that applies to him only and does not inure to the benefit of his creditors. It is the creditor body with whom the Court is most concerned, and to risk the security of a 100% payout settlement for a speculative-at-best outcome with the downside of no recovery for creditors is not in the best interests of the estate. Accordingly, the Court finds that the factors considered weigh in the Trustee's favor, and that the settlement is in the best interests of the creditors. The Trustee's motion should be granted over Davidson's objection.

### Davidson's Standing to Object

The Trustee did not contest Davidson's standing to object to the settlement and Davidson's objection gives only fleeting mention of his right to object. The Court is not convinced that Davidson has standing to object.

 Given the unique nature of bankruptcy cases, bankruptcy standing is narrower than Article III standing:

To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings. Only those persons affected pecuniarily by a bank-

ruptcy order have standing to appeal that order ... Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by a trustee, no assets will revert to the debtor.

(citations omitted). *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998). In the *Cult Awareness Network* case, the Seventh Circuit rejected the notion that nonpecuniary interests were sufficient to grant bankruptcy standing, despite dicta in a earlier case that said standing could be obtained if the person could demonstrate that the bankruptcy order diminished the person's property, increased the person's burdens, or impaired the person's rights. See, *In re DuPage Boiler Works, Inc.*, 965 F.2d 296, 298 (7th Cir.1992); see also *In re Depoister*, 36 F.3d 582, 585 (7th Cir.1994).

█ Here, Davidson has no "dog in the fight" as far as *bankruptcy recovery* goes. The District Court's cap on monetary recovery in the event of success at trial seals *Davidson's* monetary recovery—none. That recovery does not change whether the settlement is approved or the litigation continues. Either way, Davidson will not receive any monetary benefit from the District Court Case. This is not a case where the trustee seeks to settle for less than the full amount of the claims in the debtor's bankruptcy and where success at trial could produce funds sufficient to pay creditors in full with funds remaining for the debtor. In the Court's view, Davidson has no standing to object.

### Order

The Court finds that the settlement proposed by the Trustee is in the best interests of the estate and should be approved. Accordingly the Trustee's Motion is GRANTED and Davidson's objection is OVERRULED.