**In the Matter of BEECH STREET HOLD-ING CORPORATION, Bankrupt.**

**In the Matter of WASHINGTON BOULE-VARD DEVELOPMENT CORP., Bankrupt.**

**Nos. 71–17, 71–18.**

United States District Court, E. D. Pennsylvania.

April 6, 1972.

Mrs. Fay Kolenberg, for Beech (per se) St. Hold. Corp.

Marvin Krasny, Adelman & Lavine, Philadelphia, Pa., for Trustee.

Irving L. Mazer, of Fox, Differ, Mazer & Callahan, Philadelphia, Pa., for Underwriters Funding Co.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Before the Court are three petitions for review of the decisions of the Referee in Bankruptcy in the above captioned cases. The first petition involved the Referee's finding that a mortgage on real estate owned by the Beech Street Holding Corporation (the Debtor) was valid. The remaining two petitions involve the adjudication of both above captioned debtor corporations as bankrupt. The debtor corporations, through their president and major stockholder, Fay Kolenberg, and various other corporate officers, have filed these petitions for review. Since the issues certified by the Referee are identical, we will, therefore, consolidate the petitions for the purpose of our review.

The operative facts, as found by the Referee, are as follows: On July 14, 1969, the Beech Street Holding Corporation (the Debtor) obtained a loan of $120,000.00 from Underwriters Funding Company (Underwriters), secured by a mortgage on real estate located in Pennsylvania. The execution of the loan as well as the transfer of all the money took place in New York. At the time of the settlement, several discounts and deductions were made, leaving the Debtor with $95,145.99.

On January 7, 1971, the Debtor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, and, subsequently, filed a petition to void Underwriters' mortgage under the New York Criminal Usury Laws, N.Y. Penal Law § 190.40, (McKinney's Consol.Laws, c. 40, 1967) and the civil laws of New York relating to usurious interest rates, N.Y. Gen.Obligations Law § 5–511 and §5–521 (McKinney's Consol.Laws, c. 24–

A, 1964), on the ground "that the rate of interest on the loan secured by the second mortgage is in excess of 25% per annum." After a hearing on the merits, the Referee held that under Pennsylvania choice of law rules, New York law was applicable in that the settlement, execution of the note, and transfer of money took place in New York. The Referee found that the mortgage on Pennsylvania real estate was merely collateral to secure the loan and, therefore, rejected Underwriters' argument that Pennsylvania law as applicable. The Referee, further, found that the Debtor failed to sustain its burden of proving usury, and, on October 14, 1971, issued an order sustaining the validity of Underwriters' mortgage. On October 28, 1971, upon the Debtor's failure to consummate a plan of arrangement, the Referee adjudicated the Debtor corporations bankrupt. Thereafter, the president and major stockholder of the Debtor, Fay Kolenberg, filed these petitions for review.

 The threshold question presented to this Court is whether a corporation may be represented in these petitions for review by a corporate officer rather than by an attorney-at-law. In this Circuit, it has been unequivocally held that a corporation must be represented by counsel and may not prosecute an action pro se through its corporate officers. In Simbraw, Inc. v. United States, 367 F.2d 373 (3rd Cir. 1966), the Court of Appeals framed the question and answer as follows:

> " 'Must a corporation, to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court or courts before whom its rights need to be adjudicat-

ed?' * * * The unequivocal answer to the above question is Yes." 367 F.2d at 373.

In the instant cases, Mrs. Kolenberg, who is not an attorney-at-law, has taken it upon herself to file these petitions for review, and we are, therefore, constrained to dismiss the petitions.

 We have, nevertheless, reviewed the records in the instant case. The controlling issue on the merits is whether Underwriters' mortgage was void on the ground that it was violative of the New York usury laws. Upon our review, we are convinced that the Debtor failed to sustain its burden of proving usury in the Underwriter's loan transaction, and we, therefore, will affirm the Referee's finding that the mortgage was valid. Since the arrangement proposed by the Debtors was dependent on the voiding of the mortgage, we find no error in the Referee's adjudication of the Debtor corporations bankrupt for failure to consummate a Plan of Arrangement under Chapter XI of the Bankruptcy Act. Accordingly, we will affirm the Referee's orders of adjudication.

In reaching our ultimate decision, we did not decide the conflict of law issue since we would reach the same result regardless of whether New York or Pennsylvania law were applicable. We have concluded that the Debtor failed to sustain its burden of proving usury under the applicable New York statutes. If Pennsylvania law were applicable, we would likewise affirm the Referee, since under Pennsylvania law, there is no usury statute applicable to corporations.

Accordingly, the orders of the Referee will be affirmed.