In the Matter of HOLLIDAY'S TAX SERVICES, INC.

No. 75 B 2910.

United States District Court, E. D. New York.

June 24, 1976.

Coniel L. Holliday, pro se.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Holliday's Tax Services, Inc. is a corporation, wholly owned and controlled by Coniel L. Holliday. Both the corporation and Mr. Holliday individually have filed petitions for arrangement pursuant to Chapter XI of the Bankruptcy Act. Mr. Holliday, who is not a lawyer, attempted to appear both on his own behalf and on behalf of his corporation because neither he nor the corporation could afford an attorney.

The Bankruptcy Judge granted the individual petition but dismissed the corporation's petition on the ground that a corporation could not appear except by an attorney. The corporation appealed. For the reasons set out below we reverse.

A virtually unbroken line of state and federal cases has approved the rule that a corporation can appear in court only by an attorney. See, e. g., *The Case of Sutton's Hospital*, 10 C. 23a, 32b, 77 Eng.Rep. 960, 973 (K.B.1613); *Osborn v. United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824); *Oliner v. Mid-Town Promoters*, 2 N.Y.2d 63, 156 N.Y.S.2d 833, 138 N.E.2d 217 (1956); *Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir. 1966); *In re Highley*, 459 F.2d 554 (9th Cir. 1972) (bankruptcy); *In re Beech Street Holding Corporation*, 344 F.Supp. 548 (E.D.Pa.1972) (same); *Mercu-Ray Industries, Inc. v. Bristol-Myers Company*, 392 F.Supp. 16 (S.D.N.Y.), aff'd, 508 F.2d 837 (2d Cir. 1974); *Securities & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589–90 (2d Cir. 1975); Cotner, May a Corporation Act as Its Own Attorney?, 16 Clev.Mar.L.Rev. 173 (1967); Note, The Right to Appear in Proper Person in the Federal Courts, 38 N.Y.U.L.Rev. 753, 758–760 (1963); Annot., 19 A.L.R.3d 1073 (1968).

The theory is clear. A corporation is an artificial entity which can act only through agents. 9 Fletcher on Corporations § 4463 (1931, Cum.Supp.1975). Courts require that a special form of agent, an attorney, appear for corporations in litigation for the "protection of the courts and the administration of justice." *Mercu-Ray Industries, Inc. v. Bristol-Myers Company*, 392 F.Supp. 16, 19 (S.D.N.Y.), aff'd, 508 F.2d 837 (2d Cir. 1974). No doubt the rule protects the courts "from pleadings awkwardly drafted and motions inarticulately presented." *Simbraw, Inc. v. United States*, 367 F.2d 373, 375 (3d Cir. 1966).

A person's day in court is, however, more important than the convenience of the judges. We recognize this hierarchy of values when we guarantee by statute (28 U.S.C. § 1654) and Constitution (*Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 2540–41, 45 L.Ed.2d 562 (1975)) the right of real persons to appear pro se. To require this corporation to appear by a lawyer is effectively to exclude it and its sole shareholder from the courts.

Were counsel freely available to lower and middle income persons in civil cases, the traditional rule requiring corporations, whether large or small, to appear by a lawyer would work no hardship. But the lack of a guarantee of counsel to persons of

modest means like Mr. Holliday remains one of the scandals of our judicial system. See, *e. g.*, Hearings on the Organized Bar: Self-serving or Serving the Public? Before the Subcomm. on Representation of Citizen Interests of the Senate Comm. on the Judiciary, 93d Cong., 2d Sess. (1974); New York Bar Foundation, A Lawyer at a Price People Can Afford (1975); Bureau of Social Science Research, The Legal Service Program: Resource Distribution and Low Income Population (1975); American Bar Association, Report of the Task Force on Professional Utilization (1973); E. E. Cheatham, A Lawyer When Needed (1963); Note, Indigent Access to Civil Courts: The Tiger Is At The Gates, 26 Vand.L.Rev. 25 (1973); Comment, Providing Legal Services for the Middle Class in Civil Matters, 26 U.Pitt.L. Rev. 811 (1965).

Since Mr. Holliday "chose to accept the advantages of incorporation," such as limited liability, it would be neither shocking nor a violation of due process to require him to now "bear the burden of that incorporation," such as increased costs of court appearances. *Mercu-Ray Industries, Inc. v. Bristol-Myers Company*, 392 F.Supp. 16, 20 (S.D.N.Y.), *aff'd*, 508 F.2d 837 (2d Cir. 1974). We need not now consider whether the rule requiring corporate representation by counsel violates the Constitution. *Oliner v. Mid-Town Promoters, Inc.*, 2 N.Y.2d 63, 156 N.Y.S.2d 833, 138 N.E.2d 217 (1956). Nor need we consider any possible antitrust argument for declaring the required-counsel rule invalid. *Cf. Goldfarb v. Virginia State Bar*, 421 U.S. 773, 788, 95 S.Ct. 2004, 2014, 44 L.Ed.2d 572 (1975).

■ Modifying the absolute rule of corporate representation in bankruptcy cases, rather, rests on the inherent power of a court to supervise the proper administration of justice. *Cf.* Note, 1960 Duke L.J. 649, 652. The traditional rule is unnecessarily harsh and unrealistic when applied in bankruptcy to small, closely-held corporations. They are set up by the thousands. Many, such as the one before us, are in the name of the person doing business. In these instances, incorporation is merely a technicality, facilitating competitive economic activity by individuals. Failure of the "corporation" is, for all practical purposes, the failure of the individual entrepreneur. Accordingly, relief available in the bankruptcy court should be cut off only for the most pressing reasons.

The possibility of improper completion of bankruptcy forms by lay corporate representatives is, at worst, a manageable nuisance. It is a wholly inadequate justification for denial of access to the courts.

"Equal" application of the law to all corporations, large and small, is, likewise, a specious rationale for the grossly inequitable treatment of small businesses. Equal-rights-to-sleep-under-bridges jurisprudence is no longer viewed with favor. Distinctions between small, closely-held corporations and others are routinely made in a variety of legal contexts. See, *e. g.*, Internal Revenue Code § 1371ff. (granting special encouragement and treatment to "small business corporations."); *cf.* Cary, Corporations, Cases and Materials, 362ff. (4th ed. 1969).

New York State has followed the lead of other states in taking note of the economic problems of small, closely-held corporations frustrated by expensive court proceedings. 9 Fletcher, Cyclopedia of Corporations § 4463 n. 22 (1964). A 1975 amendment to the Civil Practice Law and Rules permits a corporation to appear by a lay agent to defend an action in Small Claims Court. N.Y.C.P.L.R. § 321, L.1975, c. 176, § 1. It reads:

> 321. Attorneys
>
> (a) Appearance in person or by attorney. . . . [A] corporation or voluntary association shall appear by attorney, except as hereinafter provided. A corporation may appear in the defense of any small claims action brought pursuant to article eighteen of the New York city civil court act, the uniform district court act and the uniform city court act, by a natural person who is a shareholder who owns not less than one-third of the issued shares of voting stock of such corporation or, in

the case of a corporation having no more than ten holders of issued shares of voting stock, all of whom are natural persons, an officer of such corporation.

. . .

Such corporations had been routinely suffering default judgments in preference to paying a lawyer's fee.

There is no reason to suspect that Congress believes that some corporations are too small and poor to be worthy of the protection of bankruptcy. *Cf. United States v. Kras,* 409 U.S. 434, 457, 93 S.Ct. 631, 641ff., 34 L.Ed.2d 626, 641 (1973) (dissents). These are the corporations most in need of protection. According to the Dun & Bradstreet Business Failure Record of 1974, New York City claimed 1,051 of the country's 9,915 bankruptcies. Businesses valued in the $25,000–100,000 range were hardest hit—43.1% of them failed. (Mr. Holliday values his business at approximately $61,000.) Concerns in their first five years of operation comprised close to 60% of the failures in New York State. (Mr. Holliday's tax service has been incorporated for three years.)

The danger sometimes pointed to, that these small corporations might be encouraged to bring frivolous suits if they had no need for an attorney (Note, The Appearance of a Corporation Without an Attorney, 7 Brooklyn L.Rev. 371, 375 (1938)), seems trifling. As one of the handful of cases which broke with precedent in the Great Depression noted:

> The dangers pointed to in these arguments are more theoretical than substantial. Few corporations will do without the services of licensed attorneys in their litigation.

> In our opinion an argument on the other side far outweighs those mentioned above. It appears when we ask ourselves this question: Suppose a corporation were too impoverished to employ a lawyer to defend it, or suppose it had a large claim it believed to be just but could find no lawyer who would take the case, believing it to be hopeless, should the corporation be denied its day in Court?

*A. Victor & Co. v. Sleininger,* 255 App.Div. 673, 676, 9 N.Y.S.2d 323, 326 (1939).

Courts can protect against abuses in bankruptcy by requiring a showing of good faith before permitting the corporation to appear by its owner. The problem is not likely to arise often since, in most instances, the individual has incorporated precisely so that he or she can walk away from the business without personal liability should it fail. But we certainly can not say that there are no good faith reasons why an individual might want to protect his or her good name, even if it has an Inc. after it, or might want to make an arrangement with creditors under the bankruptcy laws that will permit the owner to continue the business.

This small, closely-held corporation may proceed in this Chapter XI proceeding represented by its sole shareholder, who is not an attorney. The bankruptcy judge may require an attorney to appear for the corporation on pain of dismissal should he find that lay representation is causing a substantial threat of disruption or injustice, or should changed economic conditions make it possible for the corporation to obtain an attorney.

So Ordered.