**In re MSD WOODWORKING CO., INC., Debtor.**

**Bankruptcy No. 91–40417–PKE.**

United States Bankruptcy Court, D. South Dakota.

Oct. 16, 1991.

Jon Haverly, Sioux Falls, S.D., for SBA.

Bruce J. Gering, Sioux Falls, S.D., for U.S. Trustee.

Caitlin Collier, Vermillion, S.D., for Lake Francis Case Development Corp.

D. Mark Collins, Yankton, S.D., for Areawide Business Council.

PEDER K. ECKER, Bankruptcy Judge.

On October 8, 1991, the Court heard and took under advisement objections regarding the Notice of Proposed Action and Motion and Stipulation for Sale of Secured Property Free and Clear of Claims, Interests, and Liens. Two other matters consisting of a Motion for Relief From Stay and a Motion to Convert to Chapter 7 were also included at this time. The only objection in connection with these matters was filed by the United States Trustee. The objection stems from the fact that the Motion and Stipulation for Sale constitutes an impermissible appearance of the corporation by a person who is not an attorney. The motion was signed by the company's president, rather than by an attorney licensed to practice law in this district.

The U.S. Trustee cites *Carr Enterprises, Inc. v. United States*, 698 F.2d 952 (8th Cir.1983), in support of its argument. *Carr*, however, involves a tax dispute, and the individual representing the corporation was not the sole or majority shareholder of the corporation. The present dispute is distinguishable from *Carr*. This closely-held corporation is represented by the president, its alter ego, and both the company and the president are obtaining relief under the provisions of the Bankruptcy Code. While the U.S. Trustee has cited other cases stating that a corporation may not be represented by an unlicensed person in an area that constitutes the practice of law, it is also recognized that circumstances may exist to create exceptions to this rule. In appropriate circumstances, "[t]he traditional rule is unnecessarily harsh and unrealistic when applied in bankruptcy to small, closely-held corporations." *Matter of Hol-*

*liday's Tax Services, Inc.,* 417 F.Supp. 182, 184 (E.D.N.Y.1976).

In this case, various circumstances allow the Court to recognize an exception to this rule. A corporation is a fictitious entity, represented by its agents. The motion at issue has been signed by the corporation's agent, along with three licensed attorneys representing creditors and other parties in interest. The proposed action was noticed to all parties, and the sale was properly noticed as well. The proposed buyer submitted the highest bid, and the proposed sale appears to be an arms-length transaction. The corporation is impecunious and has no assets with which to make payment of legal services, all remaining assets being collateral of secured creditors participating by counsel in the disposition of the corporate collateral. These facts taken together provide sufficient grounds to allow the corporation to be represented in this proceeding by its president, rather than a licensed attorney.

True, "[t]he Bankruptcy Court system was not designed for paupers," as stated by the court in *In re Jean F. Frottier, Pro Se,* 130 B.R. 614 (Bankr.S.D.Fla.1991), and a corporation with available resources should, in most situations, be required to retain competent counsel for representation in legal matters. But as a practical matter, the increased time and expense that would result from this objection would not serve any justifiable purpose. The absolute rule and the ability to recognize exceptions to that rule "rests on the inherent power of a court to supervise the proper administration of justice." *Holliday,* 417 F.Supp. at 184.

A general provision of the Bankruptcy Code also authorizes modification to this rule. 11 U.S.C. § 105 states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The decision to grant the Motion and Stipulation for Sale of Secured Property Free and Clear of Claims, Interests, and Liens is based upon the facts of this case, the equitable authority available to this Court, and the practical need to modify rather than strictly adhere to the rule in this proceeding.

Since no other objections were filed, the Motion for Relief From Stay and Motion to Convert to Chapter 7 are also granted.

Counsel for the SBA shall submit the appropriate orders.