The UNITED STATES, Plaintiff,

v.

NEMAN BROTHERS & ASSOCIATES, INC., Defendant,

Court No. 92–03–00183.

United States Court of International Trade.

March 16, 1993.

## ORDER

MUSGRAVE, Judge.

Plaintiff moves to strike defendant's January 12, 1993 Answer on the grounds that defendant corporation may not proceed *pro se* as a corporation. The few courts that have carved out narrow exceptions in such circumstances have noted that "[a] virtually unbroken line of state and federal cases has approved the rule that a corporation can appear in court only by an attorney." *In re Holliday's Tax Services, Inc.*, 417 F.Supp. 182, 183 (E.D.N.Y.1976) (carving out a narrow exception for a closely held corporation that filed in bankruptcy).

From a legal viewpoint, a corporation is an artificial entity that exists only in the contemplation of the law; it can do no act, except through its agents. *Brandstein v. White Lamps, Inc.*, 20 F.Supp. 369, 370 (S.D.N.Y.1937); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir.1991). Accordingly, since a corporation can appear only through its agents, those agents must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control. *Brandstein*, at 370.

From a practical viewpoint:

"the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.*, to avoid litigating unfounded or vexations claims." *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2nd Cir.1983). Whereas a person's day in Court is more important than the mere convenience of the judges, nothing in the record has persuaded this Court that defendant would be excluded from the courts if it is required to appear by a lawyer in this case. *See In re Holliday's Tax Services, Inc.*, at 183. In fact, based on what has already been submitted to the Court, including defendant's crudely drafted *pro se* Answer, the Court is convinced that defendant's financial interests would best be preserved by representation by competent legal counsel.

If the government has acted unreasonably in this case, as defendant asserts, and if defendant prevails before this Court, he may recover reasonable legal fees from the government under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1992). The EAJA provides for an award of reasonable attorney's fees and costs to the prevailing party in any civil action other than cases sounding in tort, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (1992); *see Nakamura v. Heinrich*, —— CIT ——, Slip Op. 93–21 (February 17, 1993) at 2, 1993 WL 45900.

Upon reviewing plaintiff's motion to strike defendant's answer, it is hereby

ORDERED that plaintiff's motion is hereby granted; and it is further

ORDERED that defendant's January 12, 1993 answer to the first amended complaint shall be stricken from the Court's filings. Defendant shall be permitted sixty days from the date of this order to refile the appropriate answer or otherwise dispose of this case.