OPINION OF THE COURT
C. Stephen Hackeling, J.
NYTAC Corp., a criminal defendant in the above-referenced proceeding, moves this court for an order waiving the requirements of CPL 600.20 for the purpose of allowing the defendant *305 to be arraigned and to participate and defend the action. The People have not interposed opposition to the requested relief.
For all criminal proceedings in the State of New York, corporate defendants are required to appear by counsel, whereas individual defendants can appear pro se. It is the opinion of the court that the statutory requirement that corporate criminals appear by counsel imposed by CPL 600.20 is unconstitutional, as it denies them equal protection under the law.
Undisputed Facts
1. On April 27, 2004, NYTAC Corp. was issued three summons from the Town of Huntington Department of Environmental Control for allegedly violating section 117-2 (B) (2) of the Huntington Town Code which prohibits engaging in the collection of solid waste in the township without a permit.
2. NYTAC Corp. appeared by its president on August 4, 2004, who indicated that he wished to be arraigned and to plea bargain with the People for the purpose of resolving the matter. The People notified the court that a plea agreement had been tentatively arrived at.
3. Both the court and the People advised the defendant’s president that CPL 600.20 prohibits the arraignment and/or disposition of the matter without the defendant’s appearance via counsel.
4. The defendant is a small, closely held, private corporation which via its duly authorized corporate officer makes application to the court to waive the attorney appearance requirement so as to allow for the prosecution and disposition of the matter without an attorney.
Issue Before the Court
This court is asked to decide whether the statutory requirement that corporate criminal defendants appear with counsel is a violation of the New York State or United States Constitution. Corporations are artificial entities which can only act through agents. (Matter of Holliday’s Tax Servs., Inc., 417 F Supp 182, 183 [ED NY 1976], citing 9 Fletcher, Corporations § 4463 [1975 Cum Supp].) The State of New York has enacted statutes for both its civil and criminal court proceedings which require corporations to appear only via a licensed attorney. (CPLR 321; CPL 600.20.) The New York State Constitution expressly provides in article X, § 4 that corporations may “sue and ... be sued in all courts in like cases as natural persons.” The Court *306 of Appeals has determined that the requirement of corporate appearance only by an attorney in a civil proceeding does not violate this section of the New York State Constitution. (See Oliner v Mid-Town Promoters, 2 NY2d 63, 64 [1956] [construing predecessor statute, Civil Practice Act § 236].I[1] The Court of Appeals did not address the issues of whether the statute violates the Federal Constitution or other provisions of the New York State Constitution.
Statute Under Review
New York’s criminal procedure statute governing corporate defendants’ appearance by attorney provides:
“§ 600.20 Corporate defendants; prosecution thereof “At all stages of a criminal action, from the commencement thereof through sentence, a corporate defendant must appear by counsel. Upon failure of appearance at the time such defendant is required to enter a plea to the accusatory instrument, the court may enter a plea of guilty and impose sentence.” (GPL 600.20.)
The threshold issue to be addressed is whether corporations receive any additional protections in a criminal verses a civil proceeding. The court points to the “presumption of innocence” and the “burden of proof,” both of which are jeopardized when corporations are essentially forced to plead guilty when they appear without an attorney. Under CPL 600.20, a corporate defendant without an attorney unequivocally loses the right to defend itself. The defacto statutory imposition of a guilty plea creates the forfeiture of the benefit of the “presumption of innocence.” For a definition of the presumption and its role in the courts, see People v Patterson (78 NY2d 711, 716 [1991]). Consequently, also put at risk is the requirement that the People bear the burden of establishing the defendant’s guilt “beyond a reasonable doubt.” For a discussion of the burden, see Matter of Raquel M. (99 NY2d 92, 95-96 [2002]). Are these rights not fundamentally protected concepts? This court believes they are, and will utilize the same as the justification to review the constitutionality of this statute in a criminal context as it relates to the Federal Constitution’s requirement of “equal protection” under the law.
*307 Equal Protection Analysis
Fourteenth Amendment § 1 of the United States Constitution provides:
“No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.” (Emphasis added.)
When the constitutionality of a statute is challenged under the Equal Protection Clause, the statute at issue is subject to one of two forms of analysis. (See Alevy v Downstate Med. Ctr., 39 NY2d 326, 332 [1976] [discussing the “(t)raditional equal protection analysis”].) If the statute appears to discriminate against a “suspect” class or infringe upon a “fundamental” right, the statute is subject to a “strict scrutiny” analysis. (See id.) A statute under this form of review is upheld only if it furthers a “compelling [s]tate interest.” (See id. at 333, citing Loving v Virginia, 388 US 1 [1967].)
When neither the discrimination of a suspect class nor the infringement upon a fundamental right is at issue, a statute challenged under the Equal Protection Clause is subject to a “rational-basis” analysis. (See Heller v Doe, 509 US 312, 319 [1993].) Statutes under this form of review are “accorded a strong presumption of validity.” (See id. at 319) Any classification that appears discriminatory is constitutional so long as there exists a “rational relationship between the disparity of treatment and some legitimate governmental purpose.” (See id. at 320.) Additionally, it is not necessary for the Legislature to set forth its reasons for creating a discriminatory classification so long as there exists a “reasonably conceivable” rationale for such classification. (See id.) A statute fails the rational-basis analysis if its discriminatory classification bears no relation to the State’s objective. (See id. at 324, quoting Holt Civic Club v City of Tuscaloosa, 439 US 60, 71 [1978], quoting McGowan v Maryland, 366 US 420, 425 [1961].) Stated differently, a statute is unconstitutional if its discriminatory classification is found to be arbitrary. (See Trump v Chu, 65 NY2d 20, 25 [1985].)
Discussion
The Supreme Court of the United States has ruled that corporations are “persons” under the Equal Protection Clause *308 of the Constitution. (See Santa Clara County v Southern Pac. R.R. Co., 118 US 394, 396 [1886].) Consequently, when examining the constitutional rights of corporations, it is appropriate to view corporate entities, not as akin to persons, but as persons.
It is settled that defendants in criminal proceedings have a right to defend pro se. (See Faretta v California, 422 US 806, 817 [1975].) The Supreme Court has reiterated that this right is indeed “fundamental.” (See Martinez v Court of Appeal of Cal., Fourth Appellate Dist., 528 US 152, 161 [2000] [“(T)he right to defend oneself at trial is ‘fundamental’ in nature”], citing Faretta, 422 US at 817.) In Faretta, the Supreme Court ruled that states cannot “constitutionally hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense.” (422 US at 807.)[2] This right is predicated upon basic principles of justice inherited from English tradition, prevalent throughout the history of the American legal system. (See generally, id.) Today, this right is embodied in the Sixth Amendment of the US Constitution, as well as article I, § 6 of the New York Constitution and CPL 170.10 (6). (See id. at 819 [“Although not stated in the (Sixth) Amendment in so many words, the right to self-representation — to make one’s own defense personally — is thus necessarily implied by the structure of the Amendment”]; People v McIntyre, 36 NY2d 10, 15 [1974] [stating that “the New York State Constitution and criminal procedure statute clearly recognize” the right to defend pro se].)[3] The court acknowledges that in New York this right is subject to limitation. (See McIntyre, 36 NY2d at 17.) A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly *309 exposition of the issues. (Id.) None of these limitations, however, apply to the case before the court.
Applying the matter at issue to a strict scrutiny analysis, the court fails to find, any compelling state interest achieved by forcing a particular class of persons, corporations, to appear by counsel. Interests held to be “compelling” have been in the nature of perceived threats to national security. (See Alevy, 39 NY2d at 333, citing Korematsu v United States, 323 US 214 [1944]; Hirabayashi v United States, 320 US 81 [1943].) A corporation defending pro se is in no way akin to a threat to the security of the state. That no compelling interest is served by forcing corporate defendants in criminal cases to appear by counsel is further evidenced by the fact that the general rule has been relaxed somewhat in civil cases. (CPLR 321.)
The court points out the arbitrary nature of CPL 600.20 to show that the statute would be unable to pass even the less rigorous rational basis test. Inconsistencies regarding the rights of corporations are apparent throughout the laws of this state. As stated above, the extent of a corporation’s right to defend pro se varies significantly between civil and criminal cases. Whereas a corporate defendant in a criminal case must appear by counsel or risk default, the Legislature has allowed corporations to appear and prosecute and defend pro se in a limited class of civil cases. (CPLR 321.) Corporations can bring a commercial claims action without counsel. (UDCA 1809-A [d].) They can also be sued in Small Claims Court, and are allowed to appear by “any authorized officer, director or employee.” (UDCA 1809 [2]; 1815.) Further evidence of this inconsistency is that in civil matters, a plaintiff corporation which is required to appear by attorney, can assign its claim to “circumvent” the general rule that it must appear by counsel. (See Traktman v City of New York, 182 AD2d 814, 815 [2d Dept 1992].)
Courts have proffered various rationales for requiring corporate defendants to appear by counsel and the consequences of this rule. It has been said that corporations cannot appear pro se because they are “fictional persons with limited liability,” and that they require representation by counsel so that a court has a party to “hold accountable.” (See Toren v Anderson, Kill & Olick, P.C., 185 Misc 2d 23, 26 [Sup Ct, NY County 2000].) To account for the distinction between individuals and corporations in the CPL, the Queens County Criminal Court has stated that it “appears based on the fact that a corporation appears through counsel and is not exposed to the same threat to liber *310 ty.” (See People v Flushing Hosp. & Med. Ctr., 122 Misc 2d 260, 273 [Crim Ct, Queens County 1983].) According to the New York County Criminal Court, “the disparate treatment of corporate and individual defendants as regards guilty pleas may be explained by the fact that corporations are not subject to the loss of liberty or stigma of a criminal conviction.” (See People v Erin Constr. Corp., 136 Misc 2d 807, 812 [Crim Ct, NY County 1987].)
The reasons given above for subjecting corporations to different standards appear to be good-faith attempts to rationalize a wholly arbitrary rule. When a corporation is guilty of a crime or liable for a civil wrong, the corporation itself is held accountable. It is responsible for paying the fines it owes, and its assets can be used as a source of collateral. Moreover, like individuals, when a corporation is found guilty of a crime, it is subject to public condemnation and risks gaining a negative reputation. In any event, the fact that the State Legislature itself has determined the need to dispense with its rationale for requiring corporate attorneys on repeated instances indicates that the purpose of CPL 600.20 is not absolute, and that the separate corporation classification serves at best a questionable government purpose.[4]
Conclusion
In sum, corporations have a fundamental right to defend pro se by an officer in a criminal proceeding. As persons under the Fourteenth Amendment, any state statute requiring corporate defendants to appear by counsel denies them equal protection under the law. As this requirement serves no compelling state interest, CPL 600.20 is unconstitutional and unenforceable. Additionally, given the inconsistencies throughout the CPL, CPLR and UDCA, such a distinction between individuals and corporations appears to be arbitrary. NYTAC Corp.’s application to appear in this proceeding via its president is granted.

. It is almost universally acknowledged that most state and federal courts approve the rule that corporations must appear by counsel in civil cases. (See Holliday’s Tax Servs., Inc., 417 F Supp at 183.)

. The court notes that in Faretta the defendant was an individual, and recognizes the long-standing tradition in federal courts that a corporation must appear by counsel. However, it is the belief of this court that if the right to defend pro se is fundamental, then there is no reason why this right should not be interpreted to apply to all persons, individuals and corporations, brought to trial in the State of New York. It is also noted that the controlling federal precedent in this district recognizes the infirmity of this tradition. (See Holliday’s Tax Servs., Inc., 417 P Supp 182 [1976].)

. Faretta and McIntyre dealt with the right to defend pro se in criminal proceedings. Consistent with these decisions, the court limits its holding to apply only to criminal cases and does not address the constitutionality of requiring corporations to appear by attorney in civil matters as well.

. The court agrees with Judge Weinstein that the bottom line justification is the “convenience of the court” rationale. This rationale always loses the balancing test against the right to participate in court. (See Holliday’s Tax Servs. Inc., supra.)