**Slip Op. 06-12**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

LADY KELLY, INC.,

               Plaintiff,

       v.

UNITED STATES SECRETARY OF
AGRICULTURE,

               Defendant.

Before:  Richard W. Goldberg,
          Senior Judge

Court No. 05-00480

**MEMORANDUM OPINION AND ORDER**

[Defendant's motion to strike is granted.  Plaintiff has ten days to file a response to Defendant's motion to dismiss that complies with USCIT R. 75(b).]

Dated:    January 24, 2006

**GOLDBERG, Senior Judge**: Defendant United States Department of Agriculture moves to strike Plaintiff Lady Kelly, Inc.'s response to Defendant's motion to dismiss.  Defendant submits that the Court should strike Plaintiff's response because Plaintiff's response was filed by someone other than the attorney of record for the Plaintiff.

Plaintiff is a corporation engaged in the shrimping business in Georgia.  The Foreign Agriculture Service re-certified a petition for trade adjustment assistance ("TAA") filed by the Georgia Shrimp Association on behalf of Georgia

shrimpers.  See Trade Adjustment Assistance for Farmers, 69 Fed. Reg. 68,303 (Nov. 24, 2004).  The effective date of the certification was November 29, 2004.  Eligibility for the adjustment assistance disbursed pursuant to 19 U.S.C. § 2401e is conditioned on an "adversely affected agricultural commodity producer" (in this case, the shrimpers) filing a TAA application within ninety days of the date of certification.  See 19 U.S.C. § 2401e (2005).

Plaintiff filed an application that was received on June 9, 2005, more than 180 days after the date of certification. Defendant denied the application for failure to file within the statutorily prescribed ninety-day window, which expired on February 28, 2005.  On August 17, 2005, Plaintiff commenced proceedings in this Court under 28 U.S.C. § 1581(d), contending that the application was in fact mailed on January 8, 2005, in light of which the Court should equitably toll the ninety-day window.

On October 28, 2005, Plaintiff's counsel R. Michael Patrick filed a motion to appear pro hac vice in this matter, which the Court granted on December 12, 2005.  In the meantime, on November 4, 2005, Defendant filed a motion to dismiss under USCIT R. 12(b)(5) or, in the alternative, for judgment on the agency record under USCIT R. 56.1.  On December 9, 2005, Plaintiff filed, directly and not through counsel, a response to

Defendant's motion to dismiss.  Such response consisted of a one and one-half page recitation of the Plaintiff's version of the facts, as well as allegations that the TAA program "is unfair and inequitable for the small business owner."  Plaintiff's Response to Defendant's Motion to Dismiss ¶ 1.  It was signed by Stewart E. Sadler, Plaintiff's sole shareholder, after whose signature the words "pro se" appeared.  Four days after the response came due and was filed, the Court granted Mr. Patrick's motion to appear pro hac vice, establishing him as the counsel of record in this case.

On December 21, 2005, Defendant filed a motion to strike Plaintiff's response "because [it] was filed by someone other than the attorney of record . . . ."  Defendant's Motion to Strike, and in the Alternative, Reply Brief in Support of Defendant's Motion to Dismiss and Motion for Judgment upon the Administrative Record ("Motion to Strike") at 1.  In that same motion, Defendant replied, in the alternative, to Plaintiff's response brief of December 9, 2005.  Defendant attached a hand-written note from Mr. Patrick to the Clerk of the U.S. Court of International Trade advising the Court that "my client is now representing himself—pro-se [sic].  I believe the U.S. Constitution allows him to do so."  Motion to Strike (Ex. A).

Of course, Mr. Patrick was wrong.  Not only does the U.S. Constitution provide no such right, see U.S. Const. amend. VI

(applying only to "criminal prosecutions"), but federal courts have consistently denied corporations even the opportunity to appear pro se in court.  The rule is well established that a corporation must always appear through counsel.  See USCIT R. 75(b) ("Except for an individual (not a corporation, partnership, organization or other legal entity) appearing pro se, each party and any amicus curiae must appear through an attorney authorized to practice before the court."); Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").  There exists a "virtually unbroken line of state and federal cases [that] has approved the rule that a corporation can appear in court only by an attorney."  United States v. Neman Bros. & Assoc., Inc., 17 CIT 181, 181, 817 F. Supp. 967, 968 (1993) (quoting In re Holliday's Tax Serv., Inc., 417 F. Supp. 182, 183 (E.D.N.Y. 1976), aff'd sub nom. Holliday's Tax Serv., Inc. v. Hauptman, 614 F.2d 1287 (2d Cir. 1979)).[1]

---

[1]  In re Holliday's permitted a close corporation's sole shareholder to represent himself in a bankruptcy proceeding, noting that "[t]he traditional rule is unnecessarily harsh and unrealistic when applied in bankruptcy to small, closely-held corporations."  417 F. Supp. at 184.  That court found authority to modify the general rule in "the inherent power of a court to supervise the proper administration of justice."  Id.  The Supreme Court, however, has criticized the In re Holliday's decision and reinforced the unqualified nature of the rule.  See Rowland, 506 U.S. at 202 n.5.

Thus, Plaintiff's response to Defendant's motion to dismiss must be stricken from the record because a corporation may not appear pro se, and must appear in court by an attorney. Plaintiff was in the difficult situation of having retained a counsel that was not admitted pro hac vice to appear before the Court in time to file Plaintiff's response. The situation was complicated further when Mr. Patrick communicated informally with the Clerk of the Court that his client intended to do something that an informed attorney would realize is an impossible course of action — i.e., a corporation representing itself pro se. As of now, Mr. Patrick is still counsel of record for Plaintiff, and will continue as such until Mr. Patrick submits a motion to withdraw as counsel. His handwritten note to the Clerk of the Court is insufficient to constitute withdrawal, since USCIT R. 75(d) requires that withdrawal be accomplished by court order upon motion from the attorney. As such, at this time only Mr. Patrick may appear before this Court in this matter.

In most cases, striking a plaintiff's response brief would render a defendant's underlying motion to dismiss under USCIT R. 12(b)(5) judgment-ready. See USCIT R. 7(d) (providing that a proper response to a dispositive motion, in order to be considered, must be filed within 30 days of the filing of the dispositive motion). Typically, the court would then test the

adequacy of the complaint standing alone, without any briefing in support of its claim to rebut the defendant's motion to dismiss. In a case like this, where the lack of timeliness is patent, and dismissal can be avoided only by showing that equitable tolling is appropriate, a plaintiff's failure to present an argument will likely result in dismissal.

Here, however, the Court believes such action unwarranted at this stage. Because the Court is mindful of Plaintiff's difficulties resulting from the Court's delayed response to Mr. Patrick's pro hac vice motion, in conjunction with the confusion attending Mr. Patrick's representation of Plaintiff, as well as the lack of legal sophistication of many TAA plaintiffs, the Court prefers to grant Plaintiff an opportunity to respond with a brief that contains arguments the Court may actually entertain. Accordingly, the Court will sua sponte grant Plaintiff a ten-day extension of time, from the entering of this order, within which to file, through an attorney, a new response. Accord Neman Bros., 17 CIT at 182, 817 F. Supp. at 968 (granting defendant's motion to strike response and granting sixty-day extension of time to enter an answer).

In accordance with the foregoing, it is hereby

**ORDERED** that Plaintiff's Response to Defendant's Motion to Dismiss, filed on December 9, 2005, is stricken from the record; and it is further

**ORDERED** that the portion of Defendant's brief of December 21, 2005 that replies to Plaintiff's stricken response brief, be similarly stricken from the record, and it is further

**ORDERED** that Plaintiff shall have ten (10) days to file a response, if any, to Defendant's Motion to Dismiss; and it is further

**ORDERED** that any such response be submitted by Mr. Patrick, unless Mr. Patrick withdraws from the case in accordance with the applicable procedures under USCIT R. 75(d); and it is further

**ORDERED** that failure to submit either (1) a response or (2) a withdrawal and a subsequent or concurrent motion for an extension of time to respond to Defendant's Motion to Dismiss, will result in the Court ruling on the Motion to Dismiss forthright and upon its own deliberations without benefit of consulting any papers in response to said motion.

**SO ORDERED.**

/s/ Richard W. Goldberg
                                      **Richard W. Goldberg**
                                      **Senior Judge**

**Date:      January 24, 2006**
**           New York, NY**