PREMIUM PRODUCTS,
INC., Plaintiff,

v.

PRO PERFORMANCE SPORTS,
LLC, et al., Defendants.

Case No. 1:13–CV–1119 GBL/JFA.

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 19, 2014.

Lance G. Johnson, Roylance Abrams Berdo & Goodman LLP, Washington, DC, for Plaintiff.

Michael Andrew Oblon, Perkins Coie LLP, Washington, DC, for Defendants.

## MEMORANDUM ORDER AND OPINION

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Plaintiff Premium Products, Inc. ("Premium")'s Objection to the Magistrate's Order Disqualifying H. Jay Spiegel ("Spiegel") (Doc. 35). On December 20, 2013, Magistrate Judge John Anderson heard Defendants Pro Performance Sports, LLC, Amazon.com, Inc., The Sports Authority, Inc., and Dick's Sporting Goods, Inc.'s motion to disqualify Spiegel from representing Premium in its infringement action against Defendants. Following oral argument, Judge Anderson granted Defendants' motion, finding that Spiegel's representation of Premium violated Virginia Rule of Professional Conduct ("VRPC") 3.7 because Spiegel, as sole inventor of the device at issue and sole prosecuting attorney of the patent and trade dress at issue, was likely to be a necessary witness in the underlying action. Premium now objects to the Order disqualifying Spiegel, arguing that VRPC 3.7 does not apply because Spiegel should be considered a litigant to the underlying action and, alternatively, because Premium qualifies for the substantial-hardship exception to VRPC 3.7.

The issue before the Court is whether the Order disqualifying Spiegel was clearly erroneous or contrary to law where the magistrate found that (i) Spiegel was likely to be a necessary witness in the infringement action, (ii) that Spiegel was not a pro se litigant beyond VRPC 3.7's reach, and (iii) that Premium did not qualify for the substantial-hardship exception. The Court AFFIRMS the Order disqualifying Spiegel as neither clearly erroneous nor contrary to law for two reasons: First, a corporation has no right to pro se representation and may only appear in court through counsel, a proposition which holds true even where the litigant is a small, closely-held corporation like Premium. Second, because the law recognizes Premium, not Spiegel, as the litigant in the underlying action and because Spiegel's representation of Premium implicates VRPC 3.7's concern with jury confusion and judicial integrity, VRPC 3.7 does apply to Spiegel's representation of Premium.

## I. BACKGROUND

This objection under 28 U.S.C. § 636(b)(1)(A) is to Magistrate Judge John Anderson's Order disqualifying H. Jay Spiegel ("Spiegel") from serving as counsel to Plaintiff Premium Products, Inc. ("Premium") (Doc. 37). The underlying dispute is an infringement action brought by Premium against Defendant Pro Performance Sports, LLC ("Pro Performance"), a competitor in the market for football kicking-tee designs, and against retailers of Pro Performance's kicking tees, Defendants Amazon.com, The Sports Authority, Inc., and Dick's Sporting Goods, Inc. (collectively "Defendants"). Premium alleges that Pro Performance's design of the Universal Kicking Tee ("Universal") infringed on a patent and trade dress held by Premium on the Triplex Stealth ("Triplex") kicking tee. (Doc. 1.) Premium brings claims of unfair competition and false advertising, in addition to claims of patent infringement and trade-dress infringement. (*Id.*)

Premium is represented in this action by H. Jay Spiegel ("Spiegel"). Since Premium incorporated in 1984, Spiegel has served as its sole owner, officer, director, patent attorney, and inventor. (Doc. 28, at 1; Doc. 30, at 8.) Not only was Spiegel the sole inventor of the patent covering Triplex, but Spiegel was also Triplex's sole prosecuting attorney. (Doc. 28, at 1; Doc. 30, at 8.) In this capacity, Spiegel submitted amendments and responses to the patent examiner, attended at least one interview with the patent examiner, and

distinguished Triplex from several prior-art references, including two which named Spiegel as an inventor. (Doc. 28, at 3.) Additionally, Spiegel was the sole attorney to prosecute Triplex's trade dress. (*Id.* at 4.)

Premium filed its Complaint against Defendants on September 5, 2013. (Doc. 1.) Three months later, on December 13, 2013, Defendants filed a Motion to disqualify Spiegel from representing Premium. (Doc. 27.) In their Motion, Defendants argued that Spiegel's representation violated the witness-advocate rule, Virginia Rule of Professional Conduct ("VRPC") 3.7, because Spiegel was likely to be a necessary witness in any trial of Premium's infringement claims and because Premium did not qualify for the substantial-hardship exception to VRPC 3.7. On December 20, 2013, the parties argued the Motion before Magistrate Judge John Anderson, and Judge Anderson ruled from the bench, granting Defendants' Motion and disqualifying Spiegel. (Docs. 34, 35.)

Relying on *Estate of Andrews by Andrews v. United States,* 804 F.Supp. 820 (E.D.Va.1992), Judge Anderson made note of the threefold interests protected by the witness-advocate rule: (i) the interest of the witness-advocate's client, (ii) the interest of the adverse party, and (iii) the interest of the judicial system in its own integrity. Judge Anderson explained that all three interests were implicated by Spiegel's representation of Premium. (Doc. 36, at 27:5–28:17.) Accordingly, Judge Anderson found that the witness-advocate rule, VRPC 3.7, applied to Spiegel's representation of Premium and that Premium could not waive application of the rule. (*Id.* 28:18–22.) Additionally, Judge Anderson found that disqualifying Spiegel would not work a substantial hardship on Premium because Spiegel could remain an active participant helping to prepare the case "just as any witness could work with

a lawyer in helping ... get the case to trial." (*Id.* 28:23–29:22.)

Following the oral ruling, Judge Anderson issued an Order granting Defendants' Motion to disqualify Spiegel. (Doc. 35.) Premium filed its objection to the Order on January 3, 2014. (Doc. 37.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636, a district judge may reconsider a pretrial matter decided by a magistrate judge "where it has been shown that the magistrate judge's order [on the pretrial matter] is clearly erroneous or contrary to law." *Id.* § 636(b)(1)(A). A magistrate judge's findings of fact are reviewed for "clear error" while a magistrate judge's conclusions of law are reviewed to determine whether they are "contrary to law." *Id.*

## III. ANALYSIS

The Court AFFIRMS the Order disqualifying H. Jay Spiegel because the magistrate neither clearly erred nor ruled contrary to law when he disqualified H. Jay Spiegel ("Spiegel") from representing Plaintiff Premium Products, Inc. ("Premium").

### A. *The Witness–Advocate Rule: Virginia Rule of Professional Conduct 3.7*

Under Local Rule 7(1), the ethics of civil practice are dictated by the Virginia Rules of Professional Conduct ("VRPC"). Resolution of the instant matter turns on one of those rules. VRPC 3.7, commonly known as the witness-advocate rule, prohibits a lawyer from representing a client in an adversarial proceeding when "the lawyer is likely to be a necessary witness" in that same proceeding, unless one of three exceptional circumstances is present. Va. R. Prof'l Conduct 3.7.

■ Application of the witness-advocate rule is mandatory and may not be waived by the lawyer's client. *Estate of Andrews by Andrews v. United States*, 804 F.Supp. 820, 824 (E.D.Va.1992). The rule is not subject to client waiver because the interests served by the rule extend beyond those of a single client. Rather, the witness-advocate rule is a "prophylactic rule designed to protect the interests of the client, the adverse party, and the institutional integrity of the legal system as a whole." *Id.* at 823. These interests become imperiled when an advocate testifies because a lawyer's role of arguing causes and a witness's role of reciting facts are fundamentally inconsistent. *See Personalized Mass Media Corp. v. Weather Channel, Inc.*, 899 F.Supp. 239, 242 (E.D.Va. 1995). Jury confusion is likely to result, and in its confusion, the jury is likely to accord the witness-advocate either undue weight or undue discredit. *See Estate of Andrews*, 804 F.Supp. at 824.

A testifying advocate prejudices more than the client's interest in having his witness not be subject to impeachment and the adverse party's interest in not facing an advocate believed to be arguing under pain and penalty of perjury. Ultimately, a testifying advocate threatens the interests of the judicial system as a whole because of the "public perception that a testifying advocate has distorted the truth on the stand in order to advance his or her client's cause and prevail in the litigation." *Id.*

### B. *Threshold Applicability of the Witness–Advocate Rule: Spiegel Is a "Necessary Witness"*

■ By the plain language of VRPC 3.7, a lawyer is only prohibited from representing the client if the lawyer is "likely to be a necessary witness" in the adversarial proceeding. Thus, that Spiegel is "likely to be a necessary witness" in the infringement action is a threshold requirement to

applying VRPC 3.7. Here, Spiegel is not only the sole inventor of the patent at issue but also the sole prosecuting attorney both of the patent and the trade dress. Moreover, Spiegel is the sole owner, officer, and director of Premium and has been since Premium's incorporation in 1984. Given the depth of Spiegel's involvement, it is clear that Spiegel would be a necessary witness at trial. Indeed, Spiegel has not argued to the contrary. As such, the threshold requirement for applying VRPC 3.7 is met.

### C. *Applicability of the Witness–Advocate Rule: Spiegel Is Not a Lawyer–Witness–Litigant*

■ Premium objects to the application of VRPC 3.7 not on the "necessary witness" requirement but on the theory that VRPC 3.7 does not apply where the lawyer is also the litigant. Spiegel, it argues, is the litigant while Premium serves merely as an incorporated vessel for Spiegel's interests. (Doc. 38, at 19–21.)

The Court agrees that VRPC 3.7 does not cover lawyer-witness-litigants, but the Court finds that Spiegel is not a lawyer-witness-litigant. Premium is the litigant in this case and Spiegel's representation of Premium implicates all of the concerns animating the witness-advocate rule. Because the facts presented fall closer to the witness-advocate scenario than the lawyer-witness-litigant scenario, the magistrate did not clearly err or rule contrary to law when he found that VRPC 3.7 disqualified Spiegel.

As this Court observed in *Estate of Andrews by Andrews v. United States*, 804 F.Supp. 820 (E.D.Va.1992), the plain language of the witness-advocate rule disqualifies a lawyer from serving as a witness even where the lawyer is the litigant. *Id.* at 824. In other words, the witness-advocate rule appears to bar lawyers from en-

gaging in pro se representation. Nevertheless, several courts have concluded that the witness-advocate rule is better read as not barring pro se representation. *Id.* (citing cases).

In lockstep with these courts, the Virginia State Bar ("VSB") has read its own witness-advocate rule, VRPC 3.7, not to apply where the lawyer is the litigant. In 1992, the VSB issued Legal Ethics Opinion ("LEO") 1498 on how to interpret Disciplinary Rule 5–101(B), the precursor to VRPC 3.7. The VSB wrote the following:

> It is axiomatic that an individual may try his own case and testify on his own behalf. An individual's professional status as an attorney does not deprive the litigant of that right. Thus, when an attorney is a party to a lawsuit, particularly when called upon to defend himself, the conflict between advocate and witness do not apply and the lawyer may conduct the trial of the case although he may be a witness for himself.

LEO 1498, December 14, 1992. There is no dispute that if Spiegel owned the patent and trade dress and had brought the infringement action personally, Spiegel would be engaged in a pro se representation outside the bounds of VRPC 3.7. Spiegel, however, brought this action on behalf of Premium. It is Premium, not Spiegel, who owns the patent and trade dress and it is Premium, not Spiegel, for which Spiegel advocates.

■ Premium argues that any distinction between Premium and Spiegel is purely a legal construct and the Court should recognize that Spiegel has a right to pro se representation which he exercises in representing Premium. (Doc. 38, at 13.) This argument, however, is contrary to the well-established law that a corporation has no right to pro se representation. A corporation is an artificial entity and cannot act except through its agents. *See In the Matter of Holliday's Tax Servs.,*

*Inc.,* 417 F.Supp. 182, 183 (E.D.N.Y.1976). In response, Premium suggests that this bedrock principle of law is inapplicable where the plaintiff is a small, closely-held corporation such as Premium. (Doc. 38, at 14.) Yet this argument is also contrary to well-established law. The proposition that a corporation has no right to pro se representation holds just as true for small, closely-held plaintiffs as for Fortune 500 plaintiffs. As the Supreme Court recognized in *Rowland v. California Men's Colony,* 506 U.S. 194, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993), only a single "aberrant" case recognizes the right of small, closely held corporations to pro se representation, but this case neither follows precedent nor has been followed. *See id.* at 202 & n. 5., 113 S.Ct. 716 Because Premium is the litigant in this case, not Spiegel, Premium may not claim pro se representation in order to circumvent VRPC 3.7.

Indeed, Spiegel's representation of Premium implicates all of the concerns animating the witness-advocate rule. From the perspective of the jury, Spiegel is both Premium's lawyer and Premium's witness. His participation as zealous advocate and objective witness is likely to confuse the jury and to cause the jury to believe that Spiegel is either distorting the truth to benefit his client or arguing his client's case under pain and penalty of perjury. For these reasons, the Order disqualifying Spiegel was neither clear erroneous nor contrary to law.

### D. *Exception to the Witness–Advocate Rule: Disqualification Will Not Work a Substantial Hardship on Premium*

■ Premium suggests that even if VRPC 3.7 applies, the magistrate ruled in clear error and contrary to law because Spiegel's representation falls within VRPC

3.7's exception for substantial hardship. (Doc. 38, at 13.) The Court rejects this argument.

VRPC 3.7 contains three exceptions to the prohibition on testifying advocates. A lawyer who is likely to be a necessary witness may nevertheless testify if "(1) the testimony relates to an uncontested issue, (2) the testimony relates to the nature and value of legal services rendered in the case, or (3) disqualification of the lawyer would work substantial hardship on the client." Va. R. Prof 1 Conduct 3.7. Only the third exception is at issue. Courts have found that the substantial-hardship exception should be narrowly construed. *Estate of Andrews,* 804 F.Supp. at 829.

Here, Premium argues that it would suffer two forms of substantial hardship were Spiegel disqualified. Its first argument—that it "does not have access to the hundreds of thousands of dollars necessary to retain alternate intellectual property counsel"—is not sufficient. (Doc. 38, at 13.) As this Court noted in *Estate of Andrews,* it is well-settled that the expense associated with disqualification is not a substantial hardship because, were expense a proper basis for exception, the exception would soon swallow the rule. *Estate of Andrews,* 804 F.Supp. at 827. Premium's second argument—that it would be prejudiced without Spiegel's specialized expertise and familiarity with Premium—is similarly wanting. (Doc. 38, at 13.) Even if Spiegel is not a lawyer to Premium, he will as its sole owner, officer, and director play a substantial role in helping retained counsel develop its litigation strategy and understand the facts. Spiegel's expertise and familiarity with Premium will not be lost by a simple change in representation.

For these reasons, the magistrate's ruling that the substantial-hardship exception did not apply was neither clearly erroneous nor contrary to law.

## E. *The Order Disqualifying Spiegel Is Neither Clearly Erroneous Nor Contrary to Law*

Spiegel's dual roles as lawyer and witness create, at the very least, the appearance of impropriety. Premium splits hairs as to whether the appearance of impropriety will ripen into actual impropriety, but ultimately the magistrate was correct to resolve all doubts in favor of disqualification. As the Fourth Circuit has noted, a court is "not to weigh the circumstances with hair-splitting nicety but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing the appearance of impropriety, it is to resolve all doubts in favor of disqualification." *United States v. Clarkson,* 567 F.2d 270, 273 n. 3 (4th Cir.1977) (internal quotation marks and citation omitted).

Here, the magistrate made a ruling that the witness-advocate rule operated to disqualify Siegel. That ruling was neither clearly erroneous nor contrary to law. Rather, it was supported by the substantial weight of the law.

## IV. CONCLUSION

For the foregoing reasons, the Order disqualifying H. Jay Spiegel (Doc. 39) is **AFFIRMED.**

**IT IS SO ORDERED.**